**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-6519**

DAVID MEYERS,

Plaintiff - Appellant,

v.

M. L. COUNTS; J. KISER; A. GALIHAR; W. SWINEY; GLEN E. CONRAD; GAIL JONES; KEITH DAWKINS; MARCUS ELAM; PAUL HAYNES; UNKNOWN OFFICERS; C. DUDLEY; ROBERT STEWART BALLOU, U.S. Magistrate Judge; JAMES JONES, U.S. Judge; J. BENTLEY; F. STANLEY; K. COUNTS; L. MULLINS; J. FANNIN; GERALDINE BAKER, Treatment Supervisor; T. DORTON,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Michael F. Urbanski, Chief District Judge. (7:18-cv-00502-MFU)

Submitted: November 8, 2019                    Decided: November 14, 2019

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

David Meyers, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Meyers, a Virginia inmate and three-striker, appeals the district court's orders denying his postjudgment motions to seal. Regarding the January 11, 2019, order, we have reviewed the record and find no abuse of discretion. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978) (stating standard of review); *In re Application & Affidavit for a Search Warrant*, 923 F.2d 324, 326 (4th Cir. 1991) (same). Accordingly, we affirm in part.

Regarding the January 31, 2019, order, we dismiss the appeal for lack of jurisdiction. When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Moreover, pursuant to Fed. R. App. P. 3(c)(1)(B), a notice of appeal must specify the judgment or order being appealed. We construe this rule liberally, "asking whether the putative appellant has manifested the intent to appeal a specific judgment or order and whether the affected party had notice and an opportunity fully to brief the issue." *Jackson v. Lightsey*, 775 F.3d 170, 176 (4th Cir. 2014). Because the dictates of Rule 3 are jurisdictional, each requirement must be satisfied as a prerequisite to appellate review. *Smith v. Barry,* 502 U.S. 244, 248 (1992).

The district court entered its order on January 31, 2019.  Meyers filed the notice of appeal on June 11, 2019.[*]  The notice did not indicate the order or judgment being appealed. Because the notice of appeal was untimely and it did not designate the order or judgment being appealed, we dismiss the appeal in part.

Accordingly, we affirm in part and dismiss in part.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

---

[*] For the purpose of this appeal, we assume that the June 11, 2019, is the earliest date Meyers could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).